BEFORE THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUSAN B. KELTER,<br>　　　　Plaintiff | )<br>) Cause No.<br>) |
| STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY,<br>a duly-chartered Insurance Company with the<br>Home Office in Illinois as served through<br>Director John M. Huff of the<br>Missouri Department of Insurance<br>POB 690<br>Jefferson City, MO  65102-0690,<br>　　　　Defendant | ) Jury Demanded<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY JUDGEMENT AND DAMAGES

### COUNT ONE

COMES NOW Plaintiff by and through her Attorney, pursuant to Fed.R.Civ.P. 57 *et seq*, 28 U.S.C. 2201(a) as well as the Federal Declaratory Judgment Act, and for Count One of Plaintiff's cause of action, states as follows:

### NATURE OF ACTION, JURISDICTION AND VENUE

1. This Action is brought pursuant to  29 USC 1332 (1); that the amounts in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs and that this cause of action arose and occurred in the City of St. Louis, State of Missouri.

### PARTIES

2. That at all times complained herein, Plaintiff resided in the County of St. Louis, State of Missouri; that Defendant is a duly-chartered Illinois Insurance Company authorized to and is actually underwriting motor vehicle insurance company in the State of Missouri by and through its agents, employees, servants and independent contractors.

3. On and before the 18th day of August, 2011, Plaintiff paid Defendant for a Motor Vehicle Insurance Coverage for which Defendant issued a Motor Vehicle Insurance Policy to Plaintiff, which Policy had an Underinsured Motor Vehicle Coverage attached thereto.

4. Language of said Motor Vehicle Insurance Policy that Defendant issued to Plaintiff was contained in a Document captioned by Defendant as the "Missouri Policy Form 9825A.

5. On Page 15 of said Document under the Title "Underinsured Motor Vehicle Coverage", Defendant obligated itself to the following:

> "We will pay compensatory damages for bodily injury an insured is legally entitled to recover from the owner or driver of an underinsured motor vehicle.  The bodily injury must be: (1) sustained by an insured; and (2) caused by an accident that involves the operation, maintenance, or use of an underinsured motor vehicle as a motor vehicle"

## STATEMENT OF CLAIMS

5. On or about the 18th day of August, 2011, Plaintiff owned, drove and was involved in a Motor Vehicle Accident with a James C. Johnson, Jr. in the City of St. Louis, State of Missouri; that the motor vehicle operated by this Mr. Johnson existed from an Alley near the Public Thoroughfares of Ivanhoe between Oleatha and Marquette Streets and rammed into the motor vehicle operated by Plaintiff.

6. That this Mr. Johnson carried a valid Motor Vehicle Insurance Policy No. A1-417-884-1 as Issued by the duly-chartered AAA Auto Insurance with coverage limits of $25,000.00 for one claim.

7. On or about the 20th day of February, 2014, AAA Auto Insurance offered its coverage limit of $25,000 to Plaintiff, who accepted same on the 24th day of February, 2014.

8. On or before the 5th day of May, 2014, Plaintiff made a Claim through her Underinsured Motorists' Claim as Numbered 25-034V-888 to Defendant.

2

9. As of the date of filing this Complaint, Defendant has not accepted said Claim for Plaintiff's Underinsured Motorists' Coverage.

10. Prior to the date of filing herein, Plaintiff's Attorney furnished Defendant the Police Report about the motor vehicle collision, Documents from the AAA Auto Insurance Company showing both that AAA had coverage limits as well as the coverage limit had been paid to Plaintiff, copies of Plaintiff's Medical Records and Charges, a Special Damages Itemization which totals $83,871.36 as well as Letter to a Claim Representative of Defendant that says *inter alia*:

> "From the beginning of our negotiation, we have offered to have my Client sign your HIPPA Forms for whatever further Medical and Employment Records that you might want".

11. There exist Medical and Employment Records about Plaintiff in the possession of both Plaintiff and AAA Auto Insurance Company; Defendant insists to recover these Records from the providers themselves even though the Underinsured Motorists Coverage that Defendant has provided to Plaintiff does not so require; Plaintiff has offered in writing to have Defendant get another copy of these Records from the providers thereof, but as of the filing of this Complaint, Defendant has so failed.

12. Pursuant to Fed.R.Civ.P. 57 as well as 28 U.S.C. 2201(a), Plaintiff appears to be entitled to have this Honorable Court interpret the rights and other legal relations of these Parties and may order a speedy hearing thereof.

WHEREFORE, Plaintiff prays under Count One of this cause of action for a Declaratory Judgment Order of this Honorable Court, which includes but is not limited to Plaintiff's rights under the Insurance Policy issued by Defendant, the applicable law herein and whatever further relief as this Court deems meet and proper herein.

## COUNT TWO-COMPLAINT FOR DAMAGES

COMES NOW Plaintiff and for Count Two of her cause of action against Defendant states as follows:

13. Plaintiff incorporates all Pleadings and referring Documents as set out in Count One of this Complaint into this Count as if fully set out herein.

14. According to the Language of said Policy, Plaintiff has satisfied all pre-conditions for benefits under said Policy.

15. Such denial of benefits by Defendant of benefits were both vexatious and without reasonable cause or legal excuse.

16. As a result, Plaintiff has been damaged by Defendant in fair and reasonable amounts over $75,000 and further in similar amounts that continue to accrue.

WHEREFORE, Plaintiff prays on Count Two of her cause of action that this Honorable Court order such relief as if necessary to enforce said Plaintiff's rights under said Policy as well as all applicable law, including but not limited to all Plaintiff's benefits thereunder, pre- and post-judgment interest, attorney's fees and a penalty of 20% of the first $1,500 of loss and 10% of all amounts in excess of $1,500 as well as any other further relief as this Court deems just and proper.

**LAW OFFICES OF DAVID R. SWIMMER**

_____/s/ David Swimmer_____
by David Swimmer, 22827
231 S. Bemiston, Suite 800
St. Louis/Clayton, MO  63105-1925
ph: 314/854-1345
fx: 314/854-9118
e-mail: dswimmer@juno.com
Attorney for Plaintiff herein