UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUSAN B. KELTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Case No. 4:14CV1087 NCC |
| ) | |
| STATE FARM MUTUAL ) | |
| AUTOMOBILE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

Before the court is Plaintiff Susan B. Kelter's Fed. R. Civ. P. 56(a) Affidavit and Motion for Partial Summary Judgment. (Doc. 10). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c). (Doc. 5).

**STANDARD FOR SUMMARY JUDGMENT and APPLICABLE FEDERAL AND LOCAL RULES**

As relevant to Plaintiff's Fed. R. Civ. P. 56(a) Affidavit and Motion for Partial Summary Judgment, Rule 56 provides:

> (a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, **identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought**. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

. . . .

(c) Procedures.

(1) Supporting Factual Positions. **A party asserting that a fact cannot be or is genuinely disputed must support the assertion by**:

(A) **citing to particular parts of materials in the record**, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

. . . .

(g) Failing to Grant All the Requested Relief. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

(emphasis added).

Local Rule 7-4.01 provides:

(A) Unless otherwise directed by the Court, the moving party shall file with each motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies. If the motion requires consideration of facts not appearing in the record, **the party also shall file all documentary evidence relied upon**.

. . . .

> (E) **A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations**. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. **Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies**. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

(emphasis added).

The court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. See also Fenny v. Dakota, Minn. & E.R.R. Co., 327 F.3d 707, 711 (8th Cir. 2003) (holding that an issue is genuine "if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party").

A moving party always bears the burden of informing the court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 256. "Factual disputes that are irrelevant or unnecessary" will not preclude summary judgment. Id. at 248.

In ruling on a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Id. at 255; Matsushita Elect. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Raschick v. Prudent Supply, Inc., 830 F.2d 1497, 1499 (8th Cir. 1987). The court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. However, "[t]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient." Id. at 252. Fed. R. Civ. P. 56(a). With these principles in mind, the court turns to an analysis of Plaintiff's Motion.

# BACKGROUND and DISCUSSION

Plaintiff seeks, in her Complaint for Declaratory Judgment and Damages (the Complaint), payment from Defendant pursuant to an underinsured motorist provision in an insurance policy which she allegedly had with Defendant (the Policy). Particularly, Plaintiff alleges that she was in a motor vehicle accident with James C. Johnson, on August 18, 2011; that Plaintiff accepted the $25,000 coverage limit of Mr. Johnson's insurance coverage with AAA Auto Insurance for injuries she sustained in the motor vehicle accident; and that Plaintiff made a claim of $83,871.36 with Defendant pursuant to the underinsured motorist provision in the Policy. (Doc. 1). In its Answer to the Complaint, Defendant admits that it issued a policy of insurance to plaintiff containing underinsured motorist coverage; and that the policy speaks for itself. (Def. Answer, Doc. 3). Defendant denies Plaintiff's allegation that it vexatiously refused to pay Plaintiff pursuant to the underinsured motorist provision of the Policy. (Doc. 3). Defendant asserts as an affirmative defense, among other defenses, that Defendant is entitled to a set-off from any judgment paid to Plaintiff by the alleged tortfeasor which they believe to total $25,000.

On October 15, 2014, Plaintiff filed the pending Fed. R. Civ. P. 56(a) Affidavit and Motion for Partial Summary Judgment. In the Affidavit portion (Plaintiff's Affidavit), Plaintiff attests to factual allegations of the Complaint,

including that, at the time she was involved in the motor vehicle accident with Mr. Johnson, she had an insurance policy with Defendant which included an underinsured motorist provision; that Mr. Johnson had motor vehicle insurance coverage with AAA Auto Insurance; that Plaintiff accepted the maximum insurance coverage of $25,000 under Mr. Johnson's policy with AAA Auto Insurance; and that Plaintiff made a claim pursuant to her underinsured motorist coverage with Defendant. Plaintiff also attests that "Defendant has Documents that corroborate" the allegations of the Affidavit. (Doc. 10).

Thereafter, on October 21, 2014, six days after she filed the Affidavit and Motion for Summary Judgment, Plaintiff filed a document entitled "Memorandum of Authorities in Support of the Fed. R. Civ. P. 56(a) Affidavit and Motion for Partial Summary Judgment (Memorandum of Authorities)." (Doc. 12).

On October 28, 2014, Defendant filed a Motion to Strike Plaintiff's Fed. R. Civ. P. 56(a) Affidavit and Motion for Partial Summary Judgment, arguing that Plaintiff failed to comply with Local Rule 7-4.01(E), in that she failed to file a statement of uncontroverted material facts with the Memorandum of Authorities. Defendant also argues that Plaintiff failed to comply with the requirement of Fed. R. Civ. P. 56(a), in that Plaintiff failed to identify the claim on which she seeks summary judgment. (Doc. 15). Further, Defendant argues that, in contravention of Rule 56(c)(1), Plaintiff has failed to cite to particular parts of materials in the

record in support of her factual positions, and failed to file all documentary evidence upon which she relies, in contravention of Local Rule 7-4.01(A). Finally, Defendant argues that Plaintiff's Affidavit fails to comply with Rule 56(c)(4), in that the matters to which Plaintiff attests would not be admissible as evidence. (Doc. 15).

On October 28, 2014, in accordance with Rule 56 and Local Rule 7-4.01, Defendant also filed a Response to Plaintiff's Fed. R. Civ. P. 56(a) Affidavit and Motion for Partial Summary Judgment, a Statement of Material Facts, and a Memorandum in Opposition to Plaintiff's Fed. R. Civ. P. 56(a) Affidavit and Motion for Partial Summary Judgment. In its Response, Defendant incorporated arguments made in its Motion to Strike. (Docs. 16-18).

On October 31, 2014, Plaintiff filed a document titled "Statement of Uncontroverted Material Facts in Support of Plaintiff's Affidavit and Motion for Partial Summary Judgment Herein" (Plaintiff's Statement of Uncontroverted Material Facts), in which she recites what has transpired in regard to her Motion for Partial Summary Judgment. She also states that the relief she seeks is "to get a Partial Summary Judgment of Liability herein, per the Facts enumerated" in her Statement of Uncontroverted Material Facts "as well as the Cases referred to in [her] Brief which have not been refuted by Defendant." Additionally, in her Statement of Uncontroverted Material Facts, Plaintiff argues in support of her

7

Motion for Summary Judgment. Notably, Plaintiff makes no reference to the source upon which she relies for facts in her Statement of Uncontroverted Material Facts or for facts to which she attests in response to Defendant's Affirmative Defenses. (Doc. 20). Such facts are not alleged in her Complaint. Also, many of the alleged statements in the Statement of Uncontroverted Material Facts appear to be legal arguments rather than facts.

On October 31, 2014, Plaintiff additionally filed a Response to Defendant's Statements of Uncontroverted Material Facts. (Doc. 21). On November 14, 2014, Defendant additionally filed a Response to Plaintiff's Statement of Facts In Support of Plaintiff's Motion for Partial Summary Judgment. (Doc. 28).

**DISCUSSION**

First, Plaintiff has failed to comply with both Fed. R. Civ. P. 56(c)(1)(A) and Local Rule 7-4.01(A) & (E) in that Plaintiff's Statement of Uncontroverted Material Facts (Doc. 20) includes allegations which are not factual in nature; Plaintiff has failed to indicate whether purported facts are established by the record; and Plaintiff has failed to provide appropriate citations referencing her purported factual allegations. Further, as to the requirement of Rule 56(a) that a movant identify the basis for a motion for summary judgment, it is insufficient that Plaintiff simply states that she seeks a judgment of liability "per the Facts

enumerated" as well as to cases which she claims that Defendant does not refute. Defendant does expressly refute such claims. (Docs. 15-18, 28).

Moreover, many of the "facts" cited in support of Plaintiff's motion for summary judgment are admitted by Defendant in its Answer. These factual admissions include the following: Defendant issued a policy of insurance to Plaintiff which included an underinsured motorist provision; on August 18, 2011, Plaintiff was in an automobile accident with Mr. Johnson; Mr. Johnson's automobile insurance carrier, AAA Auto Insurance, offered and Plaintiff accepted the limit of Mr. Johnson's policy, $25,000; and Plaintiff made a claim pursuant to the underinsured motorist provision of her insurance policy with Defendant. See Fed. R. Civ. P. 56(g).

To the extent Plaintiff seeks summary judgment on her claim that Defendant vexatiously has refused to pay her pursuant to the underinsured motorist provision of the Policy and to the extent Plaintiff arguably seeks summary judgment in her favor in regard to Defendant's affirmative defenses, the court finds that Plaintiff has not provided facts consistent with the requirements of Rule 56 or Local Rule 7-4.01(E) to support such relief. As such, the court will deny Plaintiff's Fed. R. Civ. P. 56(a) Affidavit and Motion for Partial Summary Judgment based on her failure to comply with Rule 56 and Local Rule 7-4.01.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Fed. R. Civ. P. 56(a) Affidavit (Plaintiff's Affidavit) and Motion for Partial Summary Judgment is **DENIED**. (Doc. 10).

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Affidavit and Motion for Partial Summary Judgment is **DENIED** as moot. (Doc. 15).

Dated this 30th day of January, 2015.

/s/ Noelle C. Collins
UNITED STATES MAGISTRATE JUDGE